I fully concur in the majority's analysis and disposition of appellant's first and second assignments of error. However, I respectfully dissent from its disposition of appellant's third assignment of error.
The trial court would not have abused its discretion had it denied Attorney Mango's request to withdraw as appellant's appointed counsel. However, once it did and it appointed Attorney Long, it was necessary to give Attorney Long adequate time to prepare. Attorney Long was appointed December 5, 2001; first met with appellant December 6, 2001; and requested a continuance the next day, December 7, 2001. The trial date of December 10, 2001, afforded Attorney Long only 3 working days to prepare before the trial date. Attorney Long indicated his motion to continue was based in part upon his inability to interview possible witnesses and in adequate time to secure the attendance of appellant's children at the hearing.
The right to appointed counsel includes the right to effective counsel. To be effective, appointed counsel must have adequate time to prepare. While recognizing the statutory time restraint found in R.C.2151.28, such time restraint must yield to the appellant's right to effective counsel. Appellant's motion to continue would waive his right to challenge the trial court's failure to comply with R.C. 2151.28. The trial court abused its discretion in denying appellant's motion to continue. Accordingly, I would reverse the decision and remand the matter for a new trial.